[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER RE RESTRUCTURING OF MORTGAGE DEBT
CT Page 895
1) Based on the plaintiff's Affidavit of Reinstatement dated November 10, 1999 the court finds that the reinstatement amount necessary to bring the mortgage current as of that date was $17,608.94. The court allows plaintiff all fees submitted in that affidavit except the $250.00 "Stipulation Agreement fee" and the $31.00 fee for Express charges."
2) The court has not received any supplemental financial affidavit from the defendant and thus assumes that her affidavit dated August 25, 1999 that she previously submitted remains accurate. Based on that affidavit her monthly net income is $3,826.33.
3) Because of the amount of the mortgage debt due as of November 12, 1999, a six-month repayment period, as allowed under § 49-31g(a) of the General Statutes, would require defendant to pay $2,934.82 per month, or more than seventy percent of her net income. Payment on her current mortgage, real estate taxes, and real property insurance would require her, in addition, to pay more than $2,200 per month. Her financial obligations to keep the mortgage current and repay the arrearage under a restructuring order would thus require more income per month than her net earnings. The court does not believe this prospect to be feasible or realistic.
4) Accordingly, the court will, suo moto, reconsider and reverse[1] its previous order granting defendant's application for protection from foreclosure action unless the defendant, within ten days of this date, files appropriate financial or other documentation demonstrating her ability to make such payments. If the defendant does not file such documentation, plaintiff may reclaim its motion for strict foreclosure (although the amount of equity in the premises may require a foreclosure by sale.)
SO ORDERED.
BY THE COURT
Stephen F. Frazzini, Judge of the Superior Court
January 20, 2000
CT Page 896